NIBLOCK *v.* SAGINAW CIRCUIT JUDGE.

COSTS—MANDAMUS—PRACTICE.

Mandamus will not lie to compel respondent circuit judge to vacate an order allowing a new bill of costs to be prepared and presented to the clerk, where defects were found in the one presented, on appeal to the court from the allowance of same by the clerk; the action of the court in allowing the bill to be withdrawn was in conformity with the rule. *Jeffery* v. *Hursh,* 58 Mich. 263 (27 N. W. 10).

Mandamus by James Niblock against William G. Gage, one of the circuit judges for the county of Saginaw, to compel respondent to vacate an order denying petitioner's motion for retaxation of costs. Submitted June 8, 1915. (Calendar No. 26,762.) Writ denied July 23, 1915.

*Devereaux & Quinn,* for relator.

*Crane & Crane,* for respondent.

BIRD, J. Relator was plaintiff in the case of *Niblock* v. *Schmiege,* brought in the Saginaw circuit court, and was defeated therein, whereupon the defendant presented a tax bill of costs to the clerk for taxation. Relator objected to the taxation, but the objections were overruled, and the costs were taxed at the sum of $146. Relator appealed to the circuit court, where the affidavit of defendant as to the attendance of his witnesses was declared defective. The trial court permitted defendant to withdraw his bill of costs for the purpose of presenting a new one to the clerk. Relator objected to this practice, insisting that it was the duty of the trial court to tax the proper items and reject the improper ones, and he now asks this court for a

writ of mandamus to compel the circuit judge to proceed to a taxation of the costs upon the bill as it then stood.

The action of the trial court in allowing defendant to withdraw his bill of costs appears to be in conformity with the rule laid down in *Jeffery* v. *Hursh,* 58 Mich. 246, 263 (27 N. W. 7, 10), where it was said:

"Ordinarily, when objections are made and defects pointed out, such as is done in this case, it is the duty of the party applying to tax the bill, if he wishes to remedy the defects, either to apply for a postponement and supply the defects by the adjourned day, or withdraw his bill and make a new application; and, if he fails or neglects to do so, it will be too late after taxation to do so, and the items will stand rejected."

Relator bases his argument upon the case of *Hawkins* v. *Circuit Judge,* 62 Mich. 531 (29 N. W. 92), where it was said that:

"When an appeal is had from the clerk to the circuit court from taxation of costs, the case should not be remanded to the clerk for new action, but the taxation should be made by the court."

The gist of the holding in *Jeffery* v. *Hursh* is that the circuit court should not remand a tax bill of costs back to the clerk for correction, but should either tax the costs itself or permit the bill to be withdrawn. *Hawkins* v. *Circuit Judge* follows *Jeffery* v. *Hursh* in holding that the taxed bill should not be remanded to the clerk for retaxation, but should be taxed by the court. It is nowhere intimated in the latter case that the rule laid down in *Jeffery* v. *Hursh,* permitting the bill of costs to be withdrawn, was to be vacated or changed. That part of the rule is not even commented on in *Hawkins* v. *Circuit Judge.* Inasmuch as the respondent returns that he gave permission to the defendant to withdraw his bill of costs, and that the defendant indicated that he would accept the privilege

and act upon it, we think respondent was clearly within his authority.

The writ will be denied, with costs.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.