BURNS *v.* TOWNSHIP OF VAN BUREN.

1. MUNICIPAL CORPORATIONS—DEFECTIVE HIGHWAY—PERSONAL IN-
JURIES—NEGLIGENCE—QUESTION FOR JURY.

   In an action against a township for personal injuries al-
   leged to have been caused by a "washout" in the highway,
   conflicting testimony as to the existence of said defect at
   the place where plaintiff was injured, *held*, to present a
   question for the jury.

2. SAME—EVIDENCE—GREAT WEIGHT OF EVIDENCE.

   The finding of the jury that the highway was not "in a
   condition reasonably safe and fit for public travel," *held*,
   not so contrary to the great weight of the evidence as to
   justify setting it aside.

3. SAME—PROXIMATE CAUSE—EVIDENCE—QUESTION FOR JURY.

   The question as to whether plaintiff's injury was caused by
   her horse becoming frightened, as claimed by defendant,
   rather than by a defect in the highway, *held*, under the
   evidence, for the jury.

4. SAME—NOTICE—CONSTRUCTIVE NOTICE—EVIDENCE—QUESTION FOR
JURY.

   In view of testimony that the defect in the highway had
   existed for two weeks, more or less, that the pathmaster
   made an inspection of the roads once a week, on an
   average, and that the highway commissioner examined the
   road once a month, the trial court was justified in sub-
   mitting to the jury the question as to whether the town-
   ship had constructive notice of the defect.

5. SAME—TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.

   Refusal to give certain requests to charge, preferred by
   defendant, *held*, in view of the charge taken as a whole,
   not reversible error.

6. APPEAL AND ERROR—TAXATION OF COSTS — REVIEW — CIRCUIT
COURT RULE.

   Under Circuit Court Rule No. 65 review of the clerk's tax-
   ation of plaintiff's costs may be had only after the trial
   court has passed upon such action.

On liability of municipality for injury to person or property
of one driving over defective highway where his horse is fright-
ened without fault of either party, see notes in 8 L. R. A.
(N. S.) 77; 29 L. R. A. (N. S.) 199; L. R. A. 1915D, 243.

Error to Wayne; Goff (John H.), J. Submitted
February 2, 1922. (Docket No. 62.) Decided March
30, 1922.

Case by Corilla F. Burns against the township of
Van Buren for personal injuries caused by a defective
highway. Judgment for plaintiff. Defendant brings
error. Affirmed.

*John P. Kirk,* for appellant.

*Hugh M. Edwards* and *George W. Eyster,* for ap-
pellee.

SHARPE, J.   The plaintiff had verdict and judgment
for $2,500 as damages for injuries sustained by being
thrown out of a buggy at or near the intersection of
the "Romulus road" with the "Coy road" in defend-
ant township, due, as she claims, to a "washout" or
"gully" in the highway, rendering it not "in a con-
dition reasonably safe and fit for public travel." The
duty of the defendant under the law (1 Comp. Laws
1915, § 4586) to so maintain the highway is pointed
out and attention called to section 4584, which makes
the township liable for injuries due to a neglect to
perform such duty. Defendant denies that the high-
way was out of repair and insists that plaintiff's fall
was caused by her horse becoming frightened and by
the right wheels of the buggy being outside the traveled
portion of the highway. These questions were sub-
mitted to the jury in instructions of which there can
be no just cause for complaint. The burden of proof
as to both was on plaintiff. Defendant moved for a
new trial for the reason, among others, that the ver-
dict was against the great weight of the evidence.
It assigns error on the denial of such motion.

1. Plaintiff's witnesses testified that there was a
"washout" at the place she was thrown out, that it

was about 2 feet wide and from 7 to 10 inches in depth, that it extended across the traveled portion of the highway, varying slightly in depth. A number of witnesses called by defendant testified that there was no depression whatever in the highway at the place plaintiff received her injury. While it does not appear that any of plaintiff's witnesses made any actual measurements of the width or depth of the washout testified to by them, neither does it appear that any of the witnesses for the defendant visited the place soon thereafter for the purpose of ascertaining its condition. The conflict in the testimony presented a question for the jury. Under the instructions given, they must have found that the highway was not "in a condition reasonably safe and fit for public travel." The majority of my Brethren are of the opinion that such finding is not so contrary to the great weight of the evidence as to justify this court in setting it aside.

2. It is also urged that the testimony clearly establishes the fact that the horse became frightened at the noise of a cement mixer in use near by and was beyond her control at the time plaintiff fell from the buggy. The court charged that if the fright of the horse was the proximate cause of her injury plaintiff could not recover. She testified that when the horse heard the noise "he simply braced up a little bit; I held up the lines and he went right along. * * * My horse was just going along at an easy gait;" that after she got up out of the ditch into which she was thrown "the horse was walking along the road. * * * The wagon did not turn over." She had a small child with her in the buggy. There was testimony of a number of persons that she told them the horse became frightened and ran away. We think this question was for the jury.

3. Defendant claims there was error in the court's

refusing to direct a verdict in its favor for the reason that if the highway was out of repair there was no proof of actual notice of that fact to the township officials or any proof from which constructive notice could be presumed. Frank Miller, a justice of the peace in defendant township, testified that he "noticed that washout there or gully. Prior to July, 1917. * * * It was in the month of June." Henry Carpenter testified that it was in the same condition for "two weeks, more or less." The pathmaster, Franklin Robbe, who lived about a mile distant, testified that he made an inspection of the roads in his district "once a week, on an average." Edward O. Leonard, the highway commissioner, testified that he "examined that road during that year once a month." We think the proof submitted justified the submission of the question of constructive notice to the jury.

4. Error is assigned upon the refusal to give certain requests preferred by the defendant. While some of them might well have been given, in view of the charge taken as a whole we cannot say such refusal constitutes reversible error.

5. We are asked to review the clerk's taxation of plaintiff's costs. That we can only do after the trial court has passed upon such action. See Circuit Court Rule No. 65; *Niblock* v. *Saginaw Circuit Judge*, 187 Mich. 423, and cases cited.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.